**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

Kimberly L.,[1]

        Plaintiff,

  v.

Frank Bisignano, Commissioner of Social Security Administration,

        Defendant.

Case No. 2:25-cv-01865-BNW

**ORDER**

This case involves review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Kimberly L.'s ("Plaintiff") application for benefits under Title II of the Social Security Act. Plaintiff moves this Court to reverse the Commissioner's decision and award benefits, or in the alternative, remand for further administrative proceedings. ECF No. 12 at 11. The Commissioner opposes and asks this Court to affirm the Commissioner's decision. ECF No. 14 at 10. Plaintiff did not file a reply. For the reasons discussed below, this Court denies Plaintiff's motion and affirms the Commissioner's decision.

**I.      BACKGROUND**

On November 9, 2023, Plaintiff applied for supplemental security income ("SSI") under Title II of the Act, alleging an onset date of November 7, 2023.  AR[2] 198. Plaintiff's claim was denied initially, and on reconsideration.  AR 106, 116. Plaintiff requested a de novo hearing in front of an Administrative Law Judge ("ALJ"), and the appointed ALJ conducted a hearing on June 6, 2025. AR 42, 119. On July 10, 2025, the ALJ issued a decision finding Plaintiff not disabled. AR 35. The Appeals Council declined to review, and the ALJ's decision became final

---

[1] In the interest of privacy, this opinion only uses the first name and last initial of the nongovernmental party.

[2] AR refers to the Administrative Record in this matter.  (Notice of Manual Filing (ECF No. 9).)

on August 15, 2025. AR 7. Plaintiff timely filed this action for judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3). ECF No. 12.

## II.    STANDARD OF REVIEW

Administrative decisions in social security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides.

42 U.S.C. § 405(g). The Court may enter "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The Ninth Circuit reviews a decision affirming, modifying, or reversing a decision of the Commissioner de novo. *See Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. *Burch*, 400 F.3d at 679. It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are insufficient. *Id.* The ALJ's findings "should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

**A. Disability Evaluation Process**

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a

determination will be made and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(a)(4)(i). If the individual is engaged in SGA, the ALJ will make a finding of non-disability. *Id.* If the individual is not engaged in SGA, then the analysis proceeds to the step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. 20 C.F.R. § 404.1520(a)(4)(ii). If the individual does not have a severe medically determinable impairment or combination of impairments, then the ALJ makes a finding of non-disability. *Id.* If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* § 404.1520(a)(4)(iii). If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement, then the ALJ makes a finding of disability. *Id.* § 404.1520(d). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1560; *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and "the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. § 404.1545. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not

substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). *See* 20 C.F.R. § 404.1520(a)(4)(iv). PRW means work the individual performed within the past 5 years. *Id.* § 404.1560(b)(1)(i). The work must have also lasted long enough for the individual to learn the job and performed an SGA. *Id.* If the individual has the RFC to perform her past work, then the ALJ makes a finding of non-disability. *Id.* § 404.1520(a)(4)(iv). If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual can do any other work considering his RFC, age, education, and work experience. *Id.* § 404.1520(a)(4)(v).  If can do other work, then the ALJ makes a finding of non-disability. *Id.* Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. *See Bowen*, 482 U.S. at 141–42. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Id.*

**B.  The ALJ Decision**

Here, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520(a). At step one, the ALJ determined that Plaintiff had had not engaged in substantial gainful activity since her alleged onset date of November 7, 2023. AR  26. At step two, the ALJ found Plaintiff had the following severe impairments: club feet, degenerative disc disease of the cervical spine, migraine headaches, and seizure disorder. *Id.* At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1. *Id.* at 27. Before proceeding to step four, the ALJ found Plaintiff retained the residual functional capacity (RFC) to perform sedentary work as defined in 20 C.F.R. § 404.1567(a). *Id.* at 29. The ALJ found the evidence supported that Plaintiff could lift and/or carry up to 10 pounds occasionally and less than 10 pounds frequently; stand and/or walk for 2 hours in an 8-hour work day; occasionally

climb ramps or stairs; never climb ladders, ropes, or scaffolds; frequently balance; occasionally stoop, kneel or crouch; and never crawl. *Id.* He found that Plaintiff needed a one-handed assistive device for ambulation involving long distances and uneven terrain. *Id.* The ALJ also found that several environmental limitations were appropriate such as the need to avoid concentrated exposure to extreme cold, extreme heat, and vibration; and the need to avoid all exposure to unprotected heights, dangerous machinery, and operating a commercial vehicle. *Id.* At step four, the ALJ found that Plaintiff was capable of performing past relevant work as a collection clerk. *Id.* at 34. Because the ALJ found Plaintiff not disabled at step four of the sequential evaluation, he did not proceed to step five. The ALJ therefore found Plaintiff "not disabled" as defined in the Act. AR 35.

## II.    ANALYSIS

Plaintiff challenges portions of the ALJ's RFC determination and moves for reversal and award of benefits or, in the alternative, remand of this matter. Plaintiff argues that the ALJ erred in failing to account for Plaintiff's service dog in the RFC and that the ALJ's determination that Plaintiff only required a one-handed assisted device is not supported by substantial evidence. ECF No. 12 at 5, 8. The Commissioner responds that the ALJ reasonably omitted a service dog from the RFC determination and that the ALJ's conclusion that Plaintiff did not require a walker is supported by substantial evidence. ECF No. 14 at 4, 7.

### A. The ALJ did not err in excluding Plaintiff's service dog in his RFC determination.

Plaintiff argues that the ALJ erred in excluding Plaintiff's service dog as a factor when determining her RFC because several courts within the Ninth Circuit and other jurisdictions have found that an ALJ must consider a plaintiff's use of a service animal when formulating the RFC. ECF No. 6. This Court disagrees.

District courts in the Ninth Circuit have held that an ALJ must consider a claimant's use of a service animal in the RFC assessment, but only if there is evidence that the service animal is "medically necessary." *See e.g.*, *Payano v. Colvin*, No. 2:15-cv-00294-RFB-GWF, 2017 WL 4778593, at * 4 (D. Nev. Oct. 23, 2017) (finding the ALJ's failure to include the use of a service dog in the hypothetical to the vocational expert was harmless error where the evidence did not

show the dog was "necessary" for the claimant to work); *Santos v. Colvin*, No. 3:12-cv-05827-KLS, 2013 WL 5176846, at *2, 6 (W.D. Wash. Sept. 12, 2013) (finding the ALJ erred by failing to take into account a plaintiff's use of a service dog where there was at least some evidence in the record that the Plaintiff's service dog was "medically necessary"); *Elliot G. v. Kijakazi*, No. 1:20-cv-1701-SI, 2022 WL 910055, at * 6 (D. Or. Mar. 29, 2022) (finding the ALJ erred by failing to address the claimant's alleged need for a service animal as described by one of the Plaintiff's doctors).

Here, Plaintiff relies on her testimony in her function report and seizure questionnaire that she has a registered service dog for seizures. ECF No. 12 at 5; AR 261, 341. The only information Plaintiff provides regarding her use of her service dog is that it alerts her if she might have a seizure and "helps [her]." AR 341. Plaintiff does not point to any medical records or opinions establishing that a doctor recommended or prescribed the use of a service dog. *See McGehee v. Berryhill*, 386 F.Supp.3d 80, 87–88 (D. Colo. 2025) (finding a plaintiff's use of a service dog must be considered by the ALJ when there is evidence of a prescription from a medical provider). Plaintiff's medical records also do not reflect that she even reported use of a service dog to any of her providers.

The ALJ's analysis of Plaintiff's medical records also contradicts Plaintiff's argument that she requires a service dog to work because it does not show evidence of frequent seizure activity. The ALJ noted Plaintiff received treatment for a single induced episode in November 2023, and while Plaintiff's reports were inconsistent as to how recently and how often she experienced seizures, the ALJ stated that Plaintiff's neurologist determined that she was "very stable". AR 31, 519, 539. Absent evidence that Plaintiff's dog was medically necessary, the ALJ was not required to consider her alleged need for a service dog when evaluating her RFC.

**B. The ALJ did not err in determining Plaintiff required a one-handed assistive device.**

Plaintiff argues that the ALJ's decision that Plaintiff required a one-handed assistive device for ambulation involving long distances but not a two-handed assistive device when Plaintiff has been using both a cane and a walker is inconsistent. ECF No. 12 at 8. She argues that the ALJ's inconsistent treatment of two assistive devices addressing the same functional

limitations demonstrates a failure to adequately develop and explain the evidentiary record. *Id.* at 10. The Commissioner argues that the ALJ came to his conclusion by thoroughly considering the record, including two persuasive prior administrative medical findings and one persuasive medical opinion from a consultative examiner. ECF No. 14 at 7.

An RFC determination must include a limitation regarding the need for hand-held assistive device, only if the device is medically required. *See Thompson v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). For a hand-held device to be medically required, there must be medical documentation establishing a need for the device to aid in walking or standing, and describing the circumstances for which it is needed. Social Security Ruling 96-9p.

Here, the ALJ found that Plaintiff required a one-handed assistive device based on Plaintiff's medical records and opinions. The ALJ noted that medical records reflected that in most exams Plaintiff was noted to have a normal gait, but in May 2024 Plaintiff had shaking legs and joint stiffness. AR 33, 468. At a consultative examination, Dr. Kirby Reed noted that Plaintiff had no motion below the knee and strength in the ankle was 0/5 with evidence of atrophy. AR 33, 496. Drs. Hoa-Tuyet Bui and Raymond Briski both noted that Plaintiff was found to have normal strength in her upper extremities during her consultative examination. AR 33, 75, 88. The ALJ also found that both Dr. Bui's and Dr. Briski's opinion that Plaintiff could perform a range of sedentary work with a medically required hand-held assistive device for ambulation was supported by Plaintiff's medical records. AR 33. Likewise, Dr. Reed opined that Plaintiff required an assistive device for long distances and uneven terrain based on a consultative examination. AR 34, 75. However, Dr. Bui and Dr. Reed specifically opined that Plaintiff needs a cane to remain stable for longer distances and uneven terrain.[3] AR 75, 78. None of the doctors recommended a walker.

---

[3] Plaintiff does not challenge the ALJ's determination that Dr. Reed's, Dr. Briski's, or Dr. Bui's opinions and findings are persuasive. Thus, Plaintiff has waived any such argument. *See Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 998 (9th Cir. 2012) ("We review only issues which are argued specifically and distinctly in a party's opening brief." (internal quotations omitted)).

The ALJ also considered Kim Wanseung, NP-C's treatment notes from December 2024, January 2025, and May 2025 that Plaintiff was able to stand with a walker and had fall precautions in place. AR 34, 509, 514, 612. The ALJ noted that while the exam in December 2024 showed severe muscle atrophy in her bilateral legs, her later physical exams noted that her gait was normal and that she was able to get up from a chair without using her hands. AR 34, 509, 513. Additionally, the ALJ points out that the treatment notes do not include any information indicating that Plaintiff specifically needed a walker to ambulate, just that Plaintiff was noted to use one. AR 34, 509, 514, 612.

After reviewing and analyzing Plaintiff's medical records, the ALJ determined that the evidence did not show a documented need for a walker. AR 28, 32. Because the ALJ's findings are supported by inferences reasonably drawn from the record, it must be upheld. *See Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004). Accordingly, this Court affirms the Commissioner's decision denying Plaintiff benefits under Title II of the Social Security Act.

**III.     CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's motion for reversal, or in the alternative, remand (ECF No. 12) is DENIED.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to enter judgment in favor of the Commissioner consistent with this Order and close this case.

DATED: June 22, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE